IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sandra Manker Pinckney, | Civil Action No. 1:15-cv-2927-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed August 8, 2016, recommends that the decision of the Commissioner be affirmed. ECF No. 19. On September 12, 2016, Plaintiff filed objections to the Report. ECF No. 24. On September 16, 2016, the Commissioner filed a response to Plaintiff's objections. ECF No. 25. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a do novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful

2

scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## Background

Plaintiff applied for DIB and SSI on June 7, 2012, alleging disability as of January 15, 2009 due to multiple physical and mental problems, including pain in her neck, legs, and shoulders; difficulty rotating her neck; swelling in her knees; depression; headaches; diabetes which affected her eyesight; asthma; and eczema.[1]  Plaintiff's applications were denied initially and upon reconsideration.  On November 19, 2013, a hearing was held before an Administrative Law Judge ("ALJ").  The ALJ denied Plaintiff's claims in a decision dated January 21, 2014, finding that Plaintiff was not disabled within the meaning of the Act and had the ability to perform light work.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner.  Plaintiff filed this action July 24, 2015.  ECF No. 1.

## Discussion

The Magistrate Judge recommends that the court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, advancing the same arguments as in her initial brief in arguing that the Magistrate Judge erred in finding that the ALJ 1) properly analyzed all of the relevant

_____

[1] Plaintiff's alleged onset date for her disability was later amended to January 1, 2011.

3

evidence and 2) performed the requisite function-by-function evaluation in the residual functional capacity ("RFC") assessment.

### 1) Substantial Evidence

Plaintiff argues the ALJ failed to analyze all of the relevant evidence as required to find that the decision was supported by substantial evidence. Specifically, she argues her complaints to her providers were consistent throughout the medical records, and the ALJ's decision overestimated her functioning and was selective in the medical records to which it chose to afford weight. In examining the ALJ's decision, the medical records, and the Magistrate Judge's Report, it is evident that the ALJ considered the evidence of record regarding Plaintiff's physical capabilities and ability to perform light work. The only physician to suggest that Plaintiff is disabled was Dr. Stoddard; however, this court is satisfied with the weight assigned to this provider's opinion for the reasons explained in the Report. Therefore, this court finds that the ALJ's conclusions were supported by substantial evidence.

### 2) Function-by-function assessment

Next, Plaintiff argues that the ALJ failed to perform the function-by-function analysis of all of the evidence related to the ability to perform work-related activities in order to provide a Residual Functional Capacity ("RFC"). Specifically, she argues that the ALJ found her able to perform past relevant work without making a finding as to whether the functions required by her past relevant work were precluded by her impairments. However, this court finds that the ALJ did perform a function-by-function analysis in determining that Plaintiff's physical limitations left her able to perform light work, as demonstrated in her medical records and objective

4

examinations.  The ALJ found that Plaintiff was able to lift and carry items weighing 10 pounds frequently and 20 pounds occasionally, to stand and walk for 6 hours in an 8-hour day, to sit for six hours in an 8-hour day, and to push and pull occasionally.  While the ALJ gave Plaintiff's claims of pain some weight, he found her allegations of limitation contrary to the medical records and physicians' findings.  Further, Plaintiff fails to point to any specific information that was not considered by the ALJ in assessing Plaintiff's RFC.  Therefore, for the reasons above and those stated in the Report, this court finds no error in the Magistrate Judge's finding that "the ALJ adequately considered the evidence of record in assessing Plaintiff's RFC and finding she was capable of performing her past relevant work."

### Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        Senior United States District Judge

Columbia, South Carolina
October 14, 2016

5